1 CT-E-SERVE
Case 3:16-cv-02637-G   Document 1-2   Filed 09/14/16   Page 1 of 14   PageID 6

EXHIBIT B

FILED
DALLAS COUNTY
8/4/2016 4:18:30 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

DC-16-09441
NO. _____

| | | |
|---|---|---|
| RICHARD COLLARD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | F-116TH |
| | § | \_\_\_ JUDICIAL DISTRICT |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RICHARD COLLARD, Plaintiff (hereinafter "Plaintiff" or "Mr. Collard"), and files this Original Petition complaining of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant (hereinafter "Defendant" or "State Farm"), and would respectfully show unto the Honorable Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery in this case under Level 2, as described by Texas Rule of Civil Procedure 190.

### II. PARTIES

2. Plaintiff RICHARD COLLARD is an individual who resides and did reside at all relevant times in Dallas, Dallas County, Texas.

3. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY may be served through its attorney for service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III. JURISDICTION AND VENUE

4. Venue is proper in Dallas County, Texas. Dallas County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, as provided by § 15.002(a)(1), of the Texas Civil Practice and Remedies Code. The amount in controversy exceeds this Court's statutory minimum.

### IV. STATUTORY AUTHORITY AND CONDITIONS PRECEDENT

5. This suit is brought, in part, pursuant to TEX. BUS. & COM. CODE § 17.41, *et seq.*, commonly known as the Deceptive Trade Practices and Consumer Protection Act and cited in this Petition as the "DTPA", and TEX. INS. CODE ANN. Art. § 21.21.

6. Defendant was given notice in writing of the claims made in this Petition, including a statement of Plaintiff's economic damages, mental anguish damages, and expenses, including attorney's fees, on June 27, 2016, in the manner and form required by DTPA § 17.05(a). Pleading further and in the alternative, the collision which damaged Plaintiff's automobile which is the subject of this lawsuit occurred on August 8, 2014. In an abundance of caution, and without waiving any claim to the discovery rule as to the acts complained of herein, a sixty (60) day notice may well be rendered impracticable by reason of filing suit in order to prevent the expiration of the statute of limitations. All other conditions precedent necessary to maintain this action have been performed or have occurred. All other conditions precedent necessary to maintain this action have been performed or have occurred.

### V. FACTUAL BACKGROUND

7. On or about August 8, 2014, MR. COLLARD'S automobile was damaged in a motor vehicle collision when he was rear ended by another vehicle operated by an

individual likewise insured by State Farm. This incident occurred in Dallas County, Texas. This collision resulted in property damage to MR. COLLARD's 2007 Mercedes-Benz E320 Bluetec, (the "automobile').

8. MR. COLLARD was covered by STATE FARM for damage to his automobile under a standard Texas Personal Auto Policy, which included uninsured/underinsured motorist coverage (sometimes referred to herein as the "Policy").

9. MR. COLLARD notified STATE FARM of the material damage claim in accordance with his insurance contract.

10. MR. COLLARD selected Autoschade Collision Services ("Autoschade") of Dallas County, Texas to perform the repairs to his automobile. STATE FARM sent out a member of its field estimatics team to evaluate the damaged automobile while at Autoschade. STATE FARM ascribe the following values to the covered loss:

|  |  |
|---|---|
| Cost of repair: | $13,695.63 |
| Pre-loss market value: | $16,017.46 |
| Salvage value: | $4,900.00 |

11. Weeks passed before STATE FARM declared MR. COLLARD'S automobile a total loss. STATE FARM'S total loss determination was based upon its deceitfully inflated repair cost assessment and deliberately inadequate pre loss market value.

12. MR. COLLARD objected to STATE FARM'S value assessments, and notified STATE FARM of his demand for appraisal of the loss, providing the name and contact information of his competent and impartial appraiser to STATE FARM.

13. STATE FARM purposefully interfered with the appraisal process by unilaterally imposing, and conditioning their participation in the promised alternative dispute resolution process, on requirements not found in the express term of the Policy. STATE FARM'S

practice in this respect was in deliberate furtherance of its unlawful scheme to frustrate the independent determination of the amount of loss it had promised MR. COLLARD, and other Texas State Farm insureds in its insurance contract.

14.     STATE FARM directed its appointed appraiser not to participate, or otherwise proceed in accordance with the express terms outlined in its Policy with MR. COLLARD.

15.     STATE FARM'S intentional and deliberate obfuscation and interference in the independent appraisal process has caused MR. COLLARD'S vehicle to remain: (i) in its original state of disrepair, and (ii) in the custody and control of his chosen repair facility who has incurred storage and maintenance charges. And though MR. COLLARD has timely, and without fail, paid his premium payments over the years, he has been paid no money from STATE FARM for his covered automobile damage claim. This includes even the undisputed amount of the loss.[1]

16.     STATE FARM has persisted in its campaign to frustrate and deny Mr. Collard the promised benefits of his Policy, and the timely alternative dispute resolution process promised.

17.     STATE FARM'S acts, by and through its employees, agents and representatives, have intentionally misrepresented MR. COLLARD'S policy terms and coverage, breached the Policy it sold to MR. COLLARD (for which it required and accepted his premium payments), and violated statutory and common law principles governing such conduct.

---

[1] On February 24, 2015 State Farm acknowledged the undisputed amount of Mr. Collard's covered loss – the amount it owed under the terms of he Policy it sold Mr. Collard – but refused hen, and at all times, to pay Mr. Collard his promised and admitted benefit.

PLAINTIFF'S ORIGINAL PETITION - PAGE 4

18. In particular, STATE FARM violated MR. COLLARD'S rights in the following, although not exclusive or exhaustive, ways, :

(a) unilaterally imposed an extra-contractual requirement with respect to the independent alternative dispute resolution process described as appraisal;

(b) knowingly misrepresented the coverages available to Mr. MR. COLLARD under his policy for full indemnification of Mr. MR. COLLARD'S amount of loss;

(c) refused to honor MR. COLLARD'S request to initiate the appraisal clause of the policy and engaged in practices designed to delay, and frustrate the process outlined in the policy;

(d) deliberately, and with malice, manipulated and falsely ascribed values relevant to MR. COLLARD'S automobile, and his covered loss, to effect the scheme complained of herein.

19. MR. COLLARD relied on STATE FARM'S representations. This includes: (i) the full value of his property would be covered; (ii) STATE FARM would honor and act in good faith in regards to estimating the repairs needed to return the vehicle to its pre-loss condition, and in determining the actual cash value of the property, (iii) that in the event of a dispute as to the amount of the loss, MR. COLLARD would be entitled to elect an independent alternative dispute resolution process whereby *competent and impartial* appraisers would resolve the dispute without interference or extra-contractual impositions, and (iv) MR. COLLARD'S claim would be promptly resolved, so as to fulfill the promises made to MR. COLLARD, and to avoid unnecessary and unlawful financial burdens/impositions upon MR. COLLARD at a time following an event of loss of his covered automobile.

20. As a result of the misrepresentations and intentional wrongful conduct of STATE FARM, its employees, agents and/or representatives towards MR. COLLARD, he has suffered economic damages that include payment of the amount of loss, loss of use as a

direct, foreseeable and proximate cause of STATE FARM'S wrongful conduct, costs of a replacement automobile, reduction in credit availability for alternative transportation, independent appraisal fees, vehicle protection and maintenance charges, out of pocket expenses, attorneys fees and interest.

## VI. CAUSES OF ACTION

### A. Fraud & Deceit

21. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-20 hereof.

22. Defendant represented that it had agreed to be bound by the terms of the Policy with regard to: (i) good faith determination of the costs associated with the repair or replacement of the vehicle with other of like kind and quality, and market valuation, (ii) indemnification of Plaintiff's amount of loss, including, among other things, the prompt payment of those losses, (iii) the independent alternative dispute resolution appraisal process to resolve the amount of loss where the parties to the contract failed to agree, and (iv) in return for the payment of premiums, Defendant would conduct itself in accordance with the Policy, and statutory requirements of good faith and fair dealing, all in a timely and responsive manner, like a good neighbor.

23. Defendant, through its employees, agents, and/or representatives, knowingly instituted a scheme to delay, postpone and frustrate Plaintiff in the resolution of claims made pursuant to the Policy and in violation of the laws of the State of Texas, including but not limited to Texas Insurance Code, art. 21.55.

24. Defendant, through the acts and/or omissions of its employees, agents, and/or representatives, made material misrepresentations to Plaintiff that Defendant would:

(i) agree to be bound by the terms of the Policy; (ii) would perform their duties and obligations under the Policy in a timely and good faith manner; and (iii) submit to the independent alternative dispute resolution appraisal process by which competent and impartial appraisers would resolve the dispute, with the assistance of a qualified and impartial umpire if necessary.

25. Defendant, through acts and/or omissions of its employees, agents, and/or representatives, made the material misrepresentations and concealed the material facts with the intent that Plaintiff would either act or refrain from acting to his detriment.

26. Plaintiff has been injured as a result of the acts and/or omissions of Defendant, its employees, agents, and/or representatives.

27. The actions of Defendant's employees, agents, and/or representatives were undertaken with a wanton, reckless, malicious and/or intentional disregard of Plaintiff's rights under the Policy.

## B. Unfair Settlement Practices

28. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-27 hereof.

29. Defendant agreed to apply the terms and conditions for resolving disputed claims with Plaintiff in accordance with the terms of the policy issued to him.

30. Defendant has systematically and continuously failed to fulfill its contractual duties and honor its agreement with Plaintiff as set forth in the Policy with regard to: (i) acting in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear, (ii) failing to disclose matters required by law to be disclosed, (iii) making an untrue statement of material fact,

and (iv) failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made.

31. Defendant knowingly engaged in a course of conduct designed to conceal its obligations, delay and avoid paying the full costs associated with the loss. Defendant knowingly misrepresented that the independent alternative dispute resolution process would be honored. Defendant failed to disclose information that was necessary to make such other statements not misleading as to payment of the claim at issue.

32. Plaintiff has sustained actual damages by Defendant's engaging in these acts.

33. Defendant's acts are unlawful and Plaintiff is provided relief thereof under the Texas Insurance Code Chapter 541, Subchapter B, Sections 541.051, 541.060, 541.061, Subchapter D, *et seq.*

### C. Deceptive Trade Practices - Misrepresentation

34. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-33 hereof.

35. Defendant engaged in false, misleading or deceptive acts or practices through its written and/or oral statements concerning the rights, remedies and obligations conferred by the Policy.

36. Defendant by and through its employees, agents, and/or representatives, represented that it would repair or replace Plaintiff's with other of like kind and quality, that it would no deliberately manipulate market information, data and resources to underpay, or delay payment of Plaintiff's covered loss, and that the Policy conferred the right to an independent alternative dispute resolution process wherein the determination of the amount

of loss would be free of interference, bias, and manipulation from Defendant. Despite this agreement, Defendant knowingly and intentionally processed and misrepresented market information, data and resources to fraudulently mis-characterize Plaintiff's loss and coverages, and deliberately impeded and interfered with the promised alternative dispute resolution process.

37. Defendant's unlawful acts under the Texas Business & Commerce Code Sections 17.46(b), (12), and (13) have been a producing cause of damage Plaintiff, more specifically enumerated as follows:

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

(13) knowingly making false or misleading statements of fact concerning the need for parts, replacement or repair service;

(24) failing to disclose information concerning goods or services which was known at the time of the transaction if the failure to disclose such information was intended to indue the consumer into a transaction that the consumer otherwise could not have entered had the information been disclosed.

### D. Breach of Duty of Good Faith & Fair Dealing

38. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-37 hereof.

39. Defendant owed Plaintiff a duty of good faith and fair dealing with regard to the Policy entered into between the parties.

40. Defendant's actions were undertaken with wanton, reckless, malicious and/or intentional disregard of Plaintiff's rights.

41. Plaintiff has suffered economic damages, as well as mental anguish, by Defendant's failure to honor its obligation of good faith and fair dealing in a reasonable and timely manner.

### E. Failure to Make Prompt Payment of a Claim

42. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-41 hereof.

43. Defendant failed to timely handle Plaintiff's claim in the manner prescribed by Texas law and the insurance policy.

44. Defendant, through its acts or omissions, has violated the prompt payment provisions of the Texas Insurance Code with respect to the admitted undisputed amount of the loss, and the results of an appraisal process, free from Defendants' interference and manipulation. The stated purpose of this section of the insurance code is to obtain prompt payment of claims made pursuant to policies of insurance.

45. Defendant's acts are unlawful and Plaintiff is provided relief therefrom under the Texas Insurance Code Chapter 542, Subchapter B, *et seq.*

### F. Breach of Contract

46. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-45 hereof.

47. Plaintiff has fulfilled and performed his contractual obligations under the insurance contract. Defendant has failed to perform or fulfill its obligations under the contract, and has purposefully frustrated the promised legitimate loss assessment and valuation, promise to pay benefits, and independent alternative dispute resolution process.

48. Plaintiff has been damaged by Defendant's breach of its contractual obligations for which he now sues.

## VII. ATTORNEY'S FEES

49. Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-48 hereof.

50. Plaintiff has been compelled to engage the services of Christopher L. Davis, a licensed attorney in the State of Texas, to represent him in this matter and has agreed to pay counsel reasonable and necessary attorney's fees. Plaintiff seeks to recover such fees incurred for the prosecution of this action. Plaintiff also seeks an award of his reasonable attorney's fees in the event of an appeal to the appropriate Court of Appeals, and in the event of a further appeal to the Texas Supreme Court. Finally, Plaintiff seeks to recover his reasonable and necessary costs incurred for the prosecution of this action.

## VIII. CONDITION PRECEDENT MET

51. Pursuant to Tex.R.Civ.P. 54, Plaintiffs aver that all conditions precedent necessary for recovery of the relief sought have been met.

## IX. CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

52. Plaintiff claims all lawful pre-judgment and post-judgment interest on the damages suffered by Plaintiff.

## X. NOTICE OF CLAIMS

53. Pursuant to the Texas Rules of Civil Procedure Rule 47, Plaintiff hereby gives notice that the damages sought are within the jurisdictional limits of the court. Plaintiff makes the statement regarding what he is seeking in this paragraph only because he is required to do so by the Texas Supreme Court (to provide information regarding the nature

of cases filed). Plaintiff does not make such a statement in this paragraph to affect his substantive rights to recover any dollar amounts which the jury believes to be appropriate. Plaintiff trusts the jury to provide whatever dollar amounts the jury believes to be appropriate for his claims, whether in the range described in this paragraph, or above or below that range. Therefore, it is Plaintiff's intent that the jury consider evidence at trial and come to its own determination and not base the jury's determination on the assertion made in this paragraph. Therefore, pursuant to the Texas Supreme Court's requirement, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. Plaintiff makes these statements on August 4, 2016 before conducting any discovery in this case and therefore before learning whatever he will learn through discovery.

## XI. NOTICE OF INTENT

54. Plaintiff hereby gives notice of intent to utilize items produced in discovery in the trial and/or evidentiary hearing in this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure, 193.7.

## XII. REQUEST FOR DISCLOSURE

55. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2. Furthermore, Defendants are under a duty to seasonably supplement their answers in accordance with Rule 193.5 of the Texas Rules of Civil Procedure.

### XIII. JURY DEMAND

56. Pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby respectfully makes this demand and application for a jury trial in this litigation.

### XIV. PRAYER

WHEREFORE, Plaintiff RICHARD COLLARD requests that Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY be cited according to law to appear and answer and, after trial of this Cause, the Court find Plaintiff to be entitled to the following:

(a) Actual economic damages consistent with the benefit of the bargain of the Policy, and as further amended and/or confirmed by applicable provisions of the Texas Insurance Code.

(b) A reasonable sum for attorney's fees, as found by the trier of fact, with conditional sums for the services of Plaintiff's attorney in the event of subsequent appeals;

(c) Treble economic damages as the statutory penalty for defendant's knowing commission of acts under Chapter 17 of the Texas Business and Commerce Code - Deceptive Trade Practices Act (§17.50), and Chapters 541 and 542 *et seq.* of the Texas Insurance Code (§541.152);

(d) Exemplary damages for its deliberate, intentional, knowing and malicious conduct complained of herein;

(e) Pre-judgment interest from the date of loss until the date of judgments at the rate provided by law;

(f) Post-judgment interest on the judgment at the rate provided by law from the date of judgment until paid;

(g) Damages as the statutory penalty for defendant's failure to comply with the prompt payment provisions of Chapter 542 of the Texas Insurance Code (§542.060);

(h) Costs of suit; and

(i) Such other and further relief to which Plaintiff may be justly entitled.

>                    Respectfully submitted,
>                    **LAW OFFICE OF CHRISTOPHER L. DAVIS**
>
>                    /s/ Christopher Davis
>                    Christopher L. Davis
>                    Texas Bar # 00792446
>                    P.O. Box 2316
>                    Addison, Texas 75001
>                    (214) 443-9900
>                    (214) 443-9901 Fax
>                    cdavis@texascounsel.com
>                    **ATTORNEY FOR PLAINTIFF**